THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 South Carolina
 Department of Social Services, Respondent,
 v.
 Katrina P. and
 William C. Defendants,
 Of Whom Katrina
 P. is the Appellant.
 
 
 

In the interests of D.C. and D.C., two
 minor children under the age of 18. 
Appeal From Barnwell County
C. David Sawyer, Jr., Family Court Judge
Unpublished Opinion No. 2008-UP-559
Heard September 17, 2008  Filed October
 9, 2008
AFFIRMED

 
 
 
 Mitchell J. Williams, of Columbia, for Appellant.
 Dennis M. Gmerek, of Aiken, for Respondent.
 Angela W. Abstance, of Barnwell, for Guardian Ad Litem.
 
 
 

PER CURIAM: Katrina
 P. (Mother) appeals from the family courts order terminating her parental
 rights (TPR) to two minor children.  Mother argues the family court erred in
 finding TPR was in her childrens best interests.  We disagree.
1.  We
 affirm the family courts finding the children resided in foster care, under
 the responsibility of the state, for fifteen of the most recent twenty-two
 months.  See S.C. Code Ann. §
 20-7-1572 (Supp. 2007)[1] (stating the family court may order TPR upon finding one or more of eleven
 statutory grounds is satisfied and also finding TPR is in the best interest of
 the child); S.C. Code Ann. § 20-7-1572(8) (Supp. 2007) (explaining one
 statutory ground for TPR is met when [t]he child has been in foster care under
 the responsibility of the State for fifteen of the most recent twenty-two
 months); Charleston County Dept of
 Soc. Servs. v. Jackson, 368 S.C. 87,
 101-02, 627 S.E.2d 765, 773 (Ct. App. 2006) (noting the purpose of this
 statutory ground is to ensure children do not languish in foster care when
 termination of parental rights would be in their best interests).  
2.  Furthermore, despite Mothers arguments to
 the contrary, we find the family court
 did not err in finding clear and convincing evidence supported a finding that termination
 of Mothers parental rights is in the best interests of her children.  S.C.
 Code Ann. § 20-7-1578 (Supp. 2007) (explaining if the parents and childrens
 interests conflict, the childrens interests prevail); Charleston County Dept of Soc. Servs. v. King, 369 S.C. 96, 105, 631 S.E.2d 239, 244 (2006) (When
 reviewing the family court decision, appellate courts may make their own
 conclusions of whether DSS proved by clear and convincing evidence that
 parental rights should be terminated.); Jackson, 368
 S.C. at 95, 627 S.E.2d at 770 (stating despite the appellate courts broad
 scope of review, it should not necessarily disregard the findings of the family
 court, which was in a better position to evaluate the credibility of the
 witnesses and to assign weight to their testimony); S.C. Dept of Soc.
 Servs. v. Smith, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000)
 (declaring the best interests of the children are the paramount consideration
 in a TPR case). 
Accordingly,
 the family court order terminating Mothers parental rights is   
AFFIRMED. 
HEARN,
 C.J., and HUFF and KONDUROS, JJ., concur.  

[1] The General Assembly amended the Code of Laws of
 South Carolina, effective June 16, 2008, to add Title 63, the South Carolina
 Childrens Code, and to transfer all provisions of Title 20, Chapter 7 to Title
 63.  See Act No. 361, 2008 S.C. Acts 3623 (stating the transfer
 and reorganization of the code provisions in this act are technical . . . and
 are not intended to be substantive).  Because Title 63 has not yet been
 bound, all citations to the statute refer to Title 20.